## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------x
RTM CAPITAL PARTNERS, INC.; LPV, 15-              :
HERMITAGE, LLC; and MATTHEW CURTIS,               :    Civil No. 3:18-MC-00076 (RNC)
                                                  :
                    Plaintiffs,                   :
                                                  :    May 17, 2021
            -against-                             :
                                                  :
JAMES R. BARNES,                                  :
                                                  :
                    Defendant,                    :
                                                  :
BARNSTORMER SUMMIT LIFT, LLC,                     :
DANIEL SOLAZ, JOHN T. DEL NEGRO,                  :
TRUSTEE OF AN EXPRESS TRUST,                      :
                                                  :
                    Intervenors.                  :
                                                  :
-------------------------------------------------------------x
```

## JOHN T. DEL NEGRO, TRUSTEE OF AN EXPRESS
## TRUST'S OPPOSITION TO BARNSTORMER
## SUMMIT LIFT, LLC'S MOTION TO INTERVENE, COMPEL
## ARBITRATION AND LIMIT THE SCOPE OF THE PROCEEDING

Pursuant to this Court's order dated April 16, 2021 (ECF #43), Intervenor John T. Del

Negro, as trustee ("Trustee") of the Irrevocable Grantor Retained Annuity Trust created on

September 21, 2009 ("Irrevocable Trust"), hereby submits this Opposition to Barnstormer Summit

Lift, LLC's ("Barnstormer") Motion to Intervene, Compel Arbitration and Limit the Scope of the

Proceeding (ECF #14).[1]

---

[1] It is unclear whether this Court has ruled on Barnstormer's motion to intervene, given that Barnstormer combined said motion into its Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding (ECF #14). Given this Court's order that Trustee had until May 17, 2021 to respond to such motion, Trustee hereby responds to such motion in its entirety and respectfully objects to Barnstormer being made a party to this action given that, under applicable law, it has no stake in this proceeding. *See, e.g.*, *Black v. Owen*, No. 3:14cv-0023-RNC, 2014 WL 12812163, n.3 (D. Conn. Dec. 2, 2014) ("limited liability company need not be a party in order for a charging order

1

Barnstormer's Motion to Compel Arbitration should be denied because the issue before this Court and this Court's authority to decide the issue is statutorily vested with the Court, because the statutorily-vested issue is not governed by Barnstormer's Amended and Restated Operating Agreement dated September 30, 2016 ("OA"), and because none of the Plaintiffs RTM Capital Partners, Inc.; LPV; 15-Hermitage, LLC; and Matthew Curtis (collectively, "Plaintiffs") or Intervenor Daniel Solaz ("Solaz") or the Trustee are parties to the OA or any agreement to arbitrate.

Barnstormer seeks to interfere with this Court's statutory authority to resolve the simple matter of a charging order, even though Barnstormer has no stake in such resolution. Barnstormer's Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding must therefore be denied.

## I.      <u>BACKGROUND</u>

The background is set forth in the Proposed Pleading of Intervenor John T. Del Negro, Trustee of an Express Trust (ECF #47) ("Proposed Pleading"), incorporated herein in its entirety.

This proceeding involves the exclusive statutory remedy of a charging order pursuant to Conn. Gen. Stat. § 34-259b, which is statutorily before this Court, and the exclusive remedy of judgment creditors to reach a judgment debtor's membership interests in a limited liability company ("LLC"). The issue before this Court is whether there is an interest of a judgment debtor to be charged.

---

to issue"); *Rockstone Capital, LLC v. Marketing Horizons, Ltd.*, No. NNHCV065006818S, 2013 WL 4046597, *2 (Conn. Super. Ct. July 17, 2013) ("action seeking a charging order does not impact the rights or interests of a limited liability company"); *Cadle Co. v. Ginsburg*, No. CV950076811S, 2002 WL 725500 (Conn. Super. Ct. March 28, 2002) ("not necessary to make a limited liability company a party because a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company"). To the extent that Barnstormer is made a party to this proceeding, Trustee objects to its being heard on the charging order issue now before this Court, and challenges its ability to narrow the issues before this Court or to compel the parties to arbitration.

As set forth in Trustee's Proposed Pleading, the Irrevocable Trust has been assigned Mr. Barnes' 20.3% *economic* interest in Barnstormer *since 2016*. (Proposed Pleading 5-6.) As the rightful holder of Mr. Barnes' economic interest, the Irrevocable Trust is entitled to all Barnstormer distributions allocable to Mr. Barnes' membership percentage.

Barnstormer's OA is irrelevant. Although the OA provides that "any dispute, claim, disagreement or other matter arising from or relating to" the OA are subject to mediation and arbitration, charging order proceedings do not involve member disputes under an OA but rather a determination as to whether a judgment debtor has an economic membership interest in an LLC to be charged by a judgment creditor.

Connecticut law is clear that Barnstormer has no stake in this Court's charging order determination. Nevertheless, Barnstormer filed its Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding arguing, among other issues, that it is entitled to intervene as a matter of right and that the Court should enforce the arbitration agreement in its OA. None of the Plaintiffs or Solaz or the Trustee are parties to the OA (or any other agreement to arbitrate) and thus cannot be compelled to arbitrate. Barnstormer's Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding must be denied in its entirety.

## II.     ARGUMENT

### A. Statutory Authority to Issue a Charging Order Rests Exclusively with this Court

Connecticut Courts' authority to issue charging orders is statutory: Conn. Gen. Stat. § 34-259b. The plain language of Connecticut's charging order statute makes clear that only courts have the authority to make charging order determinations. Thus, this Court's charging order determination is non-arbitrable.

The very language of Connecticut's charging order statute makes it clear that referral of a charging order dispute to arbitration is wholly inappropriate. First, the charging order statute says that "*a court* may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment" – the statute does not authorize any other tribunal to enter a "charging *order*," and only a Court may issue an "order." Conn. Gen. Stat. § 34-259b(a) (emphasis added).

The statute continues that "entry of a charging order is the *exclusive remedy* by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest." Conn. Gen. Stat. § 34-259b(e) (emphasis added). Thus, Plaintiffs' "exclusive remedy" arises from the charging statute alone, which does not provide for arbitration (particularly where, as here and as explained in subsection B below, the parties have not agreed to arbitrate their claims).

**B. None of the Plaintiffs, Solaz, or Trustee have Consented to Arbitrate**

None of the Plaintiffs, Solaz, or Trustee have agreed to arbitrate the issue before this Court, and thus they cannot be compelled to arbitrate.

Arbitration is a creature of contract, determined entirely by an agreement between or among the parties. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 104 (2d Cir. 2006); *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). The scope of an arbitration clause, like any contract provision, is a question of the intent of the parties. *S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, Inc.*, 745 F.2d 190, 193 (2d Cir. 1984).

"[T]he existence of an agreement to arbitrate is a threshold question for a court to resolve, absent a clear and unmistakable delegation of that authority to an arbitrator." *U.S. Titan, Inc. v.*

4

*Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 146 (2d Cir. 2001) (citations omitted). In deciding whether the parties agreed to arbitrate a certain matter, courts should generally apply state-law principles that govern the formation of contracts. *All. Bernstein Inv. Rsch. & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006). Federal law "does not require parties to arbitrate when they have not agreed to do so. . . ." *Volt Info.*, 489 U.S. at 478.

Connecticut requires a mutual understanding of the terms that are definite and certain between the parties, or a meeting of the minds, to form a valid and binding contract. *See, e.g., Avant Capital Partners, LLC v. Strathmore Dev. Co. Mich., LLC*, No. 3:12-CV-1194 (VLB), 2013 U.S. Dist. LEXIS 140991, *16 (D. Conn. Sept. 30, 2013). Where there is no meeting of the minds, an arbitration agreement cannot be enforced. *Dreyfus v. Etelecare Global Solutions-US Inc.*, 349 F. App'x 551, 553 (2d Cir. 2009).

The party seeking to compel arbitration must make a *prima facie* initial showing that an agreement to arbitrate exists before the burden shifts to the party opposing arbitration to put the making of that agreement in issue. *Hines v. Overstock.com*, 380 F. App'x 22, 24 (2d Cir. 2010). To satisfy the initial burden, the moving party need not establish that the agreement would be enforceable, merely that one existed. *Id.*

Barnstormer has failed to show that an agreement to arbitrate the matter before this Court exists. None of the parties have entered into any agreement to arbitrate the issue of the charging order, which is solely a creature of statute. Even Barnstormer acknowledges that Plaintiffs and Solaz are not parties to its OA. *See* Memorandum of Law of Barnstormer Summit Lift, LLC in Support of Its Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding (ECF #15).

Although Barnstormer argues that Plaintiffs' and Solaz's interests are derivative of Barnes' such that they may be compelled to arbitrate, Barnstormer cannot find any authority for this reasoning. *See* Memorandum of Law of Barnstormer Summit Lift, LLC in Response to Objections to Its Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding (ECF #30). The case Barnstormer cites, *KTV Media Int'l, Inc. v. Galaxy Grp.*, *LA LLC*, 812 F. Supp. 2d 377, 380 (S.D.N.Y. 2011), is inapplicable here. *KTV Media* held that a contractual successor in interest was bound to a forum selection clause, which has nothing to do with the rights of judgment creditors under a charging statute.

There is no dispute here relating to the OA, because "a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company." *Rockstone*, 2013 WL 4046597, at *2. A charging order assignment "does not dissolve the limited liability company or entitle the assignee to participate in the management and affairs of the limited liability company or to become or exercise any rights of a member." *Id*. Thus, the OA is not implicated.

Under the charging statute, judgment creditors cannot assume Barnes' obligations under the OA, just as the Irrevocable Trust did not assume Barnes' obligations under the OA when it was assigned Barnes' economic interest only. *See Voll v. Dunn*, No. X10UWYCV126018520, 2014 WL 7461644, at *17 (Conn. Super. Ct. Nov. 10, 2014) ("The judgment creditor who obtains a charging order does not step into the shoes of the LLC member in the management or affairs of the LLC"). Barnstormer's argument is *again* precluded by the plain language of the charging statute, which states that "the judgment creditor has *only the right to receive any distribution*." Conn. Gen. Stat. § 34-259b (emphasis added).

Because Barnstormer has failed to meet its burden of showing that the parties have agreed to arbitrate the issues now before this Court, and because this Court alone has the authority to make a charging order determination pursuant to the charging order statute, the Court should deny Barnstormer's Motion to Compel Arbitration.

### C. Because Barnstormer has No Stake in this Court's Charging Order Determination, it Cannot Restrict the Court's Authority under the Charging Order Statute

Finally, because Barnstormer has not demonstrated its standing to be heard in connection with this Court's determination relating to the Charging Order, it cannot compel arbitration of issues properly before this Court. Caselaw is clear that an LLC need not be a party to a charging order proceeding; it thus would be an absurd result for an LLC to not only be made a party to such a proceeding but then to be allowed to compel the parties with *actual* interests in the outcome of the proceeding to an arbitration pursuant to the LLC's OA.

Intervention is appropriate if a non-party has an interest in an action that may be impaired by the outcome of the case, which interest is not adequately protected by the current parties. Fed. R. Civ. P. 24(a). Permissive intervention allows a non-party to pursue "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Barnstormer has failed to demonstrate its entitlement to any type of intervention.

The District of Connecticut and Connecticut courts have held that limited liability companies such as Barnstormer are *not* necessary parties to charging order proceedings because they have *no stake* in the outcome. *See, e.g., Black*, 2014 WL 12812163 at n.3 ("a limited liability company need not be a party in order for a charging order to issue"); *Rockstone*, 2013 WL 4046597, at *2 ("It is not necessary to make a limited liability company a party because a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the

limited liability company….An action seeking a charging order does not impact the rights or interests of a limited liability company"); *Cadle Co.*, 2002 WL 725500 ("[i]t is not necessary to make a limited liability company a party because a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company"). Although not binding precedent, the logic of the foregoing Connecticut courts has been echoed in both Illinois and Georgia. In *Bank of America, N.A. v. Freed*, the Illinois Appellate Court held that, because the state's charging order statute only gave the lienholder the right to receive distributions, "the LLC has no interest to be protected and need not be made a party." 983 N.E.2d 509, 522 (2012). Similarly, the Court of Appeals of Georgia found that, because the state's charging order statute "does not permit the judgment creditor to replace the member or otherwise interfere in the governance of the LLC . . . it is business as usual except that any distributions to the member subject to the charging order are diverted to the judgment creditor." *Mahalo Invs. III, LLC v. First Citizens Bank & Tr. Co.*, 769 S.E.2d 154, 158 (2015).

Connecticut's charging statute is not unlike the charging statutes in Illinois and Georgia, and it is respectfully suggested that this Court follow the Connecticut state and federal decisions in *Black*, *Rockstone*, and *Cadle* to hold that Barnstormer is not a necessary party to the Court's charging order determination. Conn. Gen. Stat. § 34-259b ("the judgment creditor has only the right to receive any distribution").

Because Barnstormer has no interest in the outcome of this proceeding, other than the directive of where to send distributions, it is not a necessary party and cannot intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), and if Barnstormer is permissively made

a party[2] it should not be entitled to compel the parties to arbitrate an issue that is not the subject of an agreement to arbitrate and which issue statutorily rests with this Court alone.

### III.    <u>CONCLUSION</u>

For all of the foregoing reasons, Trustee respectfully requests that the Court deny Barnstormer's Motion to Intervene, Compel Arbitration and Limit the Scope of the Proceeding in its entirety, and that the Court rule upon the relief requested in the Trustee's Proposed Pleading.

Dated: May 17, 2021
      Stamford, CT

Intervenor John T. Del Negro,
Trustee of an Express Trust,

By    <u>/s/ Joseph M. Pastore III</u>
        Joseph M. Pastore III, Esq. (ct11431)
        Leanne M. Shofi, Esq. (ct410546)
        Pastore & Dailey LLC
        Juris No. 433711
        4 High Ridge Park, 3rd Floor
        Stamford, CT 06905
        Tel: (203) 658-8454
        Fax: (203) 717-5550

        *Trustee's attorneys*

---

[2] Barnstormer has failed to identify any claim or defense that it shares with others in this proceeding, as required by Federal Rule of Civil Procedure 24(b).

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021 a copy of the foregoing was filed electronically; notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, as listed below:

Kevin J. McEleney, Esq.
Updike, Kelly & Spellacy, P.C.
100 Pearl Street, 17th Floor
PO Box 231277
Hartford, CT 06123
860-548-2600
860-548-2680 (fax)
kmceleney@uks.com
*Counsel to Plaintiffs*

Garrett S. Flynn, Esq.
Law Offices of Garrett S. Flynn, LLC
10 North Main Street, Suite 221
West Hartford, CT 06107-1941
860-676-3148
860-674-3148
gsf@flynn-law.com
*Counsel to Intervenor Daniel Solaz*

Joseph M. Pastore III, Esq.
Leanne M. Shofi, Esq.
Pastore & Dailey LLC
4 High Ridge Park 3rd Floor
Stamford, CT 06905
203-658-8454
203-717-5550 (fax)
jpastore@psdlaw.net
lshofi@psdlaw.net
*Counsel to Defendant James R. Barnes*

Aaron A. Romney, Esq.
Christopher H. Blau, Esq.
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
203-368-4234
203-367-9678 (fax)
aromney@zeislaw.com
*Counsel to Intervenor*
*Barnstormer Summit Lift, LLC*

David N. Dunn, Esq.
Pro hac admission pending
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Avenue
Brattleboro, VT 05301
802-275-7244 (ext. 112)
ddunn@pdsclaw.com
*Counsel to Intervenor*
*Barnstormer Summit Lift, LLC*

By  /s/ Joseph M. Pastore III
    Joseph M. Pastore III, Esq.