UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RTM CAPITAL PARTNERS, INC., LPV, 15- HERMITAGE, LLC, and MATTHEW CURTIS,<br><br>          Plaintiffs<br><br>v.<br><br>JAMES R. BARNES,<br><br>          Defendant | CASE NO. 18-00076 (RNC) |

**MEMORANDUM OF LAW OF DOUGLAS HOLLENBECK
IN SUPPORT OF HIS MOTION TO INTERVENE**

Now comes Douglas Hollenbeck, through his counsel, Michael J. McCabe, and files this Memorandum of Law in Support of his Motion to Intervene, and states as follows:

**Introductory Statement on Relief Requested**

Douglas Hollenbeck ("Hollenbeck"), a Rhode Island resident, seeks intervention as a matter of right under F.R.C.P. 24(a). The portion of the case that directly involves Hollenbeck is a determination of the amount of funds available to creditors from the distributive interest of Defendant in Barnstormer Summit Lift, LLC ("Barnstormer LLC"). That dispute is subject to mandatory mediation and arbitration pursuant to the Barnstormer LLC Operating Agreement. Accordingly, Hollenbeck requests that this Court order the enforcement of the arbitration provision, thereby limiting the remedies available to Plaintiffs while permitting the remainder of the current proceeding to continue and avoiding dismissal. The Court would retain jurisdiction over the issue of the relative priorities of the two charging orders. An order enforcing those

1

mediation and arbitration provisions will allow the Court to enter an order consistent with F.R.C.P. 19(b) permitting the remainder of the current proceeding to continue.

## Background

Plaintiffs initially filed their action against Defendant in the United States District Court for the District of Vermont (Doc. No. 5:18-cv-56) and obtained a default judgment. Plaintiffs then registered their judgment with this Court (Doc. #1) on July 23, 2018. Plaintiffs initially obtained a charging order against Defendant's interest in Barnstormer LLC in Vermont District Court (Doc. # 10-2) and then in this Court (Doc. # 11).

Daniel Solaz also obtained a charging order against Defendant's interest in Barnstormer LLC as a result of a default judgment (Doc. # 10-5).

In their *Motion for Order to Show Cause re: Enforcement of Charging Order* (Doc. # 10), Plaintiffs request an order from the Court "(1) ordering Barnstormer [LLC] to pay all amounts owed to the Defendant; and (2) determining the priorities to those funds between Plaintiffs and Solaz." Doc #10, p. 2.

Barnstormer LLC is a manager-managed Connecticut limited liability company with individual members who are residents of New Jersey, Connecticut, Massachusetts, and New York. In addition, Hermitage Inn Real Estate Holding Company, LLC ("HIRECO"), a Connecticut limited liability company, is also a member. HIREHCO has at all times been controlled (if not owned entirely) by Defendant James Barnes.

Plaintiffs have stated that they are all residents of New Jersey.

Barnstormer LLC has only ever had one asset, a promissory note from HIREHCO secured by a lien on a Dopplemayr chair lift (the "Lift") purchased by HIREHCO and installed on real estate owned by HIREHCO. Although HIREHCO was the borrower on the promissory

2

note, HIREHCO was also named as the sole manager of Hollenbeck with plenary management rights.

The Barnstormer LLC Operating Agreement provides that on dissolution funds are to be distributed based on members' positive capital accounts. The Operating Agreement also provides that any unresolved dispute is subject to mandatory mediation and, if not resolved, mandatory arbitration.

As neither Plaintiffs nor Mr. Solaz are members of Hollenbeck, neither is contractually bound by the mandatory mediation and arbitration provisions of the Operating Agreement. In addition, the issue of which charging creditor has priority is not a "dispute" related to the Hollenbeck Operating Agreement and therefore would not be subject to an order to compel enforcement of the arbitration clause.

Vermont counsel for Barnstormer LLC has advised counsel for Plaintiffs and counsel for Mr. Solaz of these provisions and provided them with copies of financial information provided to him by the HIREHCO Chapter 7 Trustee. Given that both charging orders were the result of default judgments, and that the sum of the two charging orders well exceeds any distributions that could be made to Defendant under any theory,[1] counsel for Hollenbeck has advised counsel for Plaintiffs and counsel for Mr. Solaz of the mandatory mediation/arbitration provisions and invited both of them to participate as the true parties in interest to any funds that could be distributed to Defendant.

Barnstormer LLC is willing to stipulate that once an agreement or order establishes the amount of any distributional interest for Defendant, Barnstormer LLC will promptly pay such distributional interest to the appropriate charging order creditor(s).

---

[1] In fact, the sum of the two charging orders exceeds the gross proceeds received by Barnstormer LLC for the Lift.

3

On or about April 24, 2019, the Superior Court of the State of Vermont, Windham Unit, entered a judgment in favor of Douglas Hollenbeck in a civil matter with regard to monies owed by defendant to plaintiff in the amount of $1,000,975.34, of which $1,000,975.34 together with interest remains due. On April 7, 2020, Hollenbeck filed an action in the Connecticut Superior Court to domesticate the Vermont judgment, under Docket No. HHD-CV-20-6126647-S. That matter is still pending.

### I. **Hollenbeck is Entitled to Intervene as Matter of Right.**

Rule 24(a)(2) of the Rules of Federal Civil Procedure provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> \* \* \*
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In determining whether to grant a motion to intervene of right under F.R.C.P. 24(a)(2), the factors a court should consider include "(1) whether the application is timely filed, (2) whether the party seeking intervention shows an interest in the action, (3) whether that party demonstrates that the interest may be impaired by the disposition of the action, and (4) whether that party has shown that the interest is not protected adequately by the existing parties to the action." *R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006), quoting *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003). A party seeking intervention must satisfy each of these requirements. *Harris-Clemons v. Charity Acquisitions, Ltd.*, 642 Fed. Appx. 17, 21 (2d Cir. 2016).

4

Hollenbeck's request to intervene meets each of the four requirements. The request for relief and show cause order has only recently been issued, and Hollenbeck has filed this Motion once he learned of the proceedings.

Hollenbeck has an interest in the action. Plaintiffs seek to have this Court order that funds held in escrow by counsel for Barnstormer LLC be distributed even though Barnstormer LLC has not as yet initiated the mandatory mediation/arbitration provisions required under the Operating Agreement. Defendants seek to have Barnstormer LLC immediately pay $626,248.50 to Defendants on the theory that Defendant has a distributional interest, whereas Hollenbeck believes those funds should only be distributed to the charging order creditors if Defendant has a distributional interest. Counsel for Barnstormer LLC has previously advised counsel for both charging order creditors that those funds will remain in escrow until there is a final decision on whether Defendant has a distributional interest. If it is agreed (at mediation) or determined (by an arbitrator) that Defendant has no (or a reduced) distributional interest, those funds will be apportioned consistent with the Operating Agreement.

Hollenbeck's interest will certainly be affected by the relief Plaintiffs request from this Court. Again, if it is ultimately agreed at mediation or ruled at arbitration that Defendant has a distributional interest, then Barnstormer will distribute those funds to the appropriate charging order creditor(s) as agreed or ordered. However, it is uncontestable that Hollenbeck's interest would be affected by the relief requested.

None of the current parties to this action will protect the interest of Hollenbeck. There is one pot of money. Both charging order creditors believe they are entitled to all or a portion of that money. Defendant has no interest in protecting Hollenbeck's interest. First, to the extent funds are paid to charging order creditors (instead of being distributed to cash investors in

5

Barnstormer LLC), Defendant's personal liability to Plaintiffs, Mr. Solaz and Hollenbeck would be reduced. Second, Defendant never appeared in either underlying action brought by the charging order creditors, and it is possible that he may "default" and not respond to the show cause order. Third, Defendant is fully aware that there is no possibility of him receiving any funds from this action, as the amount of the charging orders exceed the maximum amount he could possibly be entitled to receive from the sale of the Lift under any circumstances.

## II. Hollenbeck is a Necessary Party under F.R.C.P. 19(a)(1)(B).

An absent party is a "necessary party" if the party claims an interest relating to the subject of the action and the party's absence may impair or impede the party's ability to protect that interest. F.R.C.P. 19(a)(1)(B)[2].

The subject of the instant action is whether Defendant James Barnes has any distributional interest in Barnstormer LLC. Plaintiffs claim that they are entitled to receive $626,248.50 and that Barnstormer LLC should pay that amount to them. Hollenbeck disputes the amount of Defendant James Barnes's distributional interest and contends that he is not entitled to any distributional interest. If this Court rules that Barnstormer must turn over those funds before there is a determination as to whether Defendant actually has a distributional interest, then Hollenbeck will have no ability to protect his interest. Further, none of the existing parties to the case will adequately protect Hollenbeck's interest: Plaintiffs want the full $626,248.50 and Dan Solaz wants the full amount of his charging order. To make either payment there must be a decision that Defendant has a distributional interest. Defendant Barnes (if he appears) will likely support payment of the full $626,248.50 to the charging order creditor(a) as it will reduce his individual liability.

---

[2] The Rule 19(A)(1)(B) standard is similar to the Rule 24(a) standard.

Accordingly, Hollenbeck has an interest in the subject of the action and his absence would impede its ability to protect that interest. Hollenbeck requests that the Court enter an order to allow Hollenbeck to intervene as a matter of right.

Dated at Bridgeport, Connecticut this 21st day of June, 2021.

        INTERVENOR

        DOUGLAS HOLLENBECK

By:   /s/ Michael J. McCabe
       Michael J. McCabe (ct05907)
       McCabe, Wikstrom & Barney, LLC
       112 Broad Street
       Milford, CT 06460
       (203) 882-9983
       mike@mwbatlaw.com